UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| PURE HERBS, LTD., a Michigan corporation,<br><br>          Plaintiff,<br><br>    vs.<br><br>ANTHONY CALPENO, a resident of Washington; and SOUND HEALING ARTS, PC, a Washington professional corporation, jointly and severally,<br><br>          Defendants. | NO. _____<br><br>**COMPLAINT FOR TRADEMARK INFRINGEMENT, CYBER-SQUATTING, BREACH OF THE WASHINGTON STATE CONSUMER PROTECTION ACT, and INJUNCTIVE RELIEF**<br><br>**JURY TRIAL DEMAND** |

Plaintiff Pure Herbs, Ltd., for its Complaint, states as follows:

**PARTIES AND JURISDICTION**

1. Plaintiff Pure Herbs, Ltd. is a Michigan corporation with its principal place of business at 33410 Sterling Ponds Blvd., Sterling Heights, MI 48312. Plaintiff has been and is engaged in the business of developing, manufacturing, marketing, promoting, selling and distributing various herbal products for health and nutritional purposes. Plaintiff sells and distributes its products under the trademarks Pure Herbs, Ltd.® or Pure Herbs™ to over 7,300 distributors throughout North America who, in turn, sell these herbal products directly to the customer.

COMPLAINT - 1

RS Ryan, Swanson & Cleveland, PLLC
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3034
206.464.4224 | Fax 206.583.0359

603924.04

2.      Defendant Anthony Calpeno ("Calpeno") is, upon information and belief, a resident of the State of Washington operating a business under the name "Pure Herbs," which is located at 7702 Cirque Dr. W., University Place, WA 98466.  Calpeno, operating as "Pure Herbs," markets, promotes, and sells herbal products for health and nutritional purposes directly to the consumers, in part by using a website at the url www.pureherbs.info.  Many of the products sold by Calpeno under the name of "Pure Herbs" are similar to those herbal products which are manufactured, promoted, sold and distributed by Plaintiff.

3.      Defendant Sound Healing Arts, P.C. ("SHA") is or purports to be a Washington professional corporation with its principal place of business at 7702 Cirque Dr. W., University Place, WA 98466.  Upon information and belief, SHA is a vehicle used by Defendant Calpeno to promote, market and sell various herbal products under the name "Pure Herbs."

4.      This Complaint is brought and the jurisdiction of this Court is invoked under 28 USC §§ 1331 and 1338, as well as 15 USC § 1121 and 28 USC § 1367(a).  This Court also has supplemental jurisdiction over the Defendants for violation of the Washington Consumer Protection Act claims (RCW 19.86 *et seq*.) pursuant to 28 USC § 1338(b).

5.      This Court has subject matter jurisdiction over this matter pursuant to 28 USC §1332, as the Plaintiff is a citizen of Michigan and the Defendants are all citizens of Washington and the amount in controversy, without interest and costs, exceeds the sum or value specified by 28 USC § 1332.

**COMMON ALLEGATIONS**

6.      Plaintiff is the registrant and owner of the United States Trademark Registration No. 1840708 for the mark Pure Herbs, Ltd.® issued June 21, 1994, for "processed herbs" in Class IC 30.  This registration is in full force and effect, is in good standing and has become incontestable under the provisions of 15 USC § 1065.

COMPLAINT - 2

RS  Ryan, Swanson & Cleveland, PLLC
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3034
206.464.4224  |  Fax 206.583.0359

603924.04

7.    A certified copy of Registration No. 1840708 and a separate printout of the registration that is available online through the United States Patent and Trademark Electronic Search System are attached to this Complaint as Exhibit A.

8.    Since 1982, Plaintiff has manufactured, marketed, promoted and distributed over 140 processed herbal products used to develop and promote better health via the naturopathic medicine philosophy.  Naturopathic medicine is a distinctly natural approach to health and healing that recognizes the integrity of the whole person and emphasizes the treatment of physical disorders through the enhancement and support of the inherent healing capacity of the individual.  Plaintiff has promoted its products to support the body's ability to restore, maintain and improve health through the use of processed herbs.

9.    Plaintiff promotes, markets and sells its products through a broad base of over 7,300 distributors throughout North America, and through the internet.  In addition, Plaintiff distributors actively engage in promoting, marketing and advertising the Pure Herbs, Ltd.® products through their own websites, seminars, promotional information, brochures and the like, using (under license) the trademark Pure Herbs, Ltd.® and/or Pure Herbs™.

10.    Plaintiff has spent a considerable amount of time and money over the years in the promotion and development of a distributor network and holds numerous seminars, disseminates technical publications, provides naturopathic guidance and counseling.  Since October 1997, Plaintiff has registered and maintained a website which is identified by the domain name and url "www.pureherbs.com."  These efforts were all made and undertaken to promote products sold under the trademarks Pure Herbs, Ltd.® and Pure Herbs.™ As a result of these efforts, the company's sales and distribution network has grown substantially since it first started operating under the trademark of Pure Herbs, Ltd.®

11.    In promoting and marketing its products, Plaintiff consistently relies on and uses the distinctive Pure Herbs, Ltd.® and Pure Herbs™ trademarks and has spent substantial

COMPLAINT - 3

RS

Ryan, Swanson & Cleveland, PLLC
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3034
206.464.4224 | Fax 206.583.0359

1  sums of money to promote and advertise the quality and benefits of its herbal products and to

2  foster goodwill in association with its products.

3        12.    On or about December 2009, Plaintiff became aware of an infringing activity

4  on its trademarks by the Defendants.  Defendants are marketing and distributing herbal

5  products that are the same or are similar-type products manufactured, marketed, distributed

6  and sold by Plaintiffs, in the same or similar trade channels, to the same population of

7  consumers.

8        13.    On December 22, 2009, Plaintiff authorized its counsel to send a "cease and

9  desist" letter, via certified mail, return receipt requested, to Dr. Anthony Calpeno.

10        14.    A true and correct copy of the Plaintiff's "cease and desist" letter is attached

11  to this Complaint as Exhibit B.   A true and correct copy of the executed return receipt,

12  indicating that the letter was signed for by Linda Jury, is attached to this Complaint as

13  Exhibit C.

14        15.    Despite being notified of the infringing nature of their use of the Plaintiff's

15  trademarks, Defendants continue to operate their website (www.pureherbs.info) under the

16  trademark "Pure Herbs" and to sell products under that name, and under the name

17  "pureherbs.info."

18        16.    True and correct copies of excerpts from Defendants' website are attached to

19  this Complaint as Exhibit D and Exhibit E.

20        17.    As can be seen from Exhibits D and E, Defendants actively advertise and

21  promote their business and products under the words "Pure Herbs," even to the point of

22  attempting to copyright the materials under the heading "Copyright 2005-2009 Pure Herbs."

23  The herbal products sold by Defendants are the same or are similar to those being distributed

24  and sold by Plaintiff.

25

26

COMPLAINT - 4

603924.04

**RS** Ryan, Swanson & Cleveland, PLLC
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3034
206.464.4224 | Fax 206.583.0359

18.    On information and belief, Defendants first registered their domain name "pureherbs.info" on December 11, 2004. This date is well over twenty years after Plaintiff's trademark registration for Pure Herbs, Ltd. ® was issued.

19.    A true and correct copy of the printout from Network Solutions's "Who Is" domain name registry, indicating December 11, 2004 as the date the Defendants' domain name was created, is attached to this Complaint as Exhibit F.

20.    Defendants are placing the words "Pure Herbs" and "pureherbs.info" on their products, and using the words "Pure Herbs" and "pureherbs.info" as trademarks in interstate commerce.

21.    Plaintiff's agent James Jacobs purchased products from Defendants in February 2010.  Defendants issued an invoice to Mr. Jacobs under the name "Pure Herbs." Defendants issued a refund check to Mr. Jacobs from a checking account displaying the names "Sound Healing Arts, P.C." and "Dr. Anthony Calpeno."  The "Pure Herbs" invoice, the pureherbs.info website, and the refund check all use the same street and mailing addresses.

22.    True and correct copies of photographs of the products purchased from Defendants by Mr. Jacobs are attached to this Complaint as Exhibit G and Exhibit H.

23.    A true and correct copy of Defendants' invoice is attached to this Complaint as Exhibit I.

24.    A true and correct copy of the refund check issued by Defendants to Mr. Jacobs is attached to this Complaint as Exhibit J.

25.    Defendants' use of "Pure Herbs" and "pureherbs.info" as trademarks on and in connection with their herbal products and in their advertising, promotional materials and website, is likely to cause confusion and/or mistake among members of the public as to the source or origin of the Defendants' products, due to the exact same spelling, sound, meaning, and appearance of the Defendants' trademarks when compared to the Plaintiff's registered and common law trademarks.

COMPLAINT - 5

RS    Ryan, Swanson & Cleveland, PLLC
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3034
206.464.4224 | Fax 206.583.0359

26.     Defendants' use of "Pure Herbs" and "Pureherbs.info" as trademarks on and in connection with their herbal products is an unfair and/or deceptive act or practice, which contributes or may contribute to the public's confusion as to the source or origin of goods (i.e. herbal products).

27.     Defendants' use and continued use of "Pure Herbs" or "pureherbs.info" as trademarks on products that directly compete with Plaintiff's products, and the ensuing likely confusion among Plaintiff's distributors, customers and the general public is causing and will continue to cause immediate and irreparable harm to Plaintiff, and must be enjoined by this Court.

28.     Defendants' use of the url and domain name www.pureherbs.info is likely to cause confusion with Plaintiff's registered and common law trademarks and with Plaintiff's url and domain name, www.pureherbs.com.

29.     Defendants registered their domain name in bad faith, given Plaintiff's long prior registration and continuous use of the trademark Pure Herbs, Ltd.® and long prior and continuous use of its common law trademark Pure Herbs.™

30.     Defendants' use of the www.pureherbs.info url and domain name must be enjoined, and ownership or control of said url and domain name transferred to Plaintiff.

## COUNT I
## INFRINGEMENT OF FEDERALLY REGISTERED TRADEMARK

31.     Plaintiff incorporates and realleges all prior paragraphs by reference as if fully stated herein.

32.     Plaintiff's inherently distinctive trademark Pure Herbs, Ltd.® is registered on the Principal Register of the United States Patent and Trademark Office (Exhibit A) and is entitled to protection under the federal trademark laws.

33.     Plaintiff has made continuous use of its Pure Herbs, Ltd.® trademark from the date of registration to the present.  The trademark is used by Plaintiff in the United States and

COMPLAINT - 6

Ryan, Swanson & Cleveland, PLLC
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3034
206.464.4224  |  Fax 206.583.0359

North America, is in full force and effect, and has become incontestable under the Lanham Act. This mark was first used by Plaintiff in commerce on or about March 1982.

34.    Customers for Plaintiff's products as sold through its distributors are identical or similar to the customers for the herbal products sold by Defendants in a same or similar market and in the same or similar channels of commerce.

35.    A likelihood of confusion exists between the Defendants' use of their infringing trademarks and Plaintiff's use of its registered, incontestable trademark, and the Defendants' use is likely to cause confusion and mistake.

36.    Defendants have continued to use their infringing trademarks after actual notice of Plaintiff's prior and superior rights under Plaintiff's registration and prior use, as provided under 15 USC § 1072.   (Exhibit B.)

37.    Plaintiff has suffered and will continue to suffer economic damages, and irreparable injury as a result of the Defendants' wrongful actions.

38.    Defendants have violated and are violating 15 USC § 1114(1), and Plaintiff is entitled to all remedies for such violation, as set forth in 15 USC §§ 1116, 1117 and 1125.

### COUNT II
### LANHAM ACT  - FALSE DESIGNATION
### OF ORIGIN AND UNFAIR COMPETITION

39.    Plaintiff incorporates and realleges all prior paragraphs by reference as if fully stated herein.

40.    Defendants' use of the words and trademarks "Pure Herbs" and "pureherbs.info" on and in connection with its herbal products infringes upon Plaintiff's exclusive trademark rights in its registered trademark Pure Herbs, Ltd.® and common law trademark Pure Herbs™ in violation of 15 USC § 1125(a), in that the public is likely to be confused, deceived or mistaken as to the source, origin or sponsorship of the Defendants'

COMPLAINT - 7

RS    Ryan, Swanson & Cleveland, PLLC
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3034
206.464.4224  |  Fax 206.583.0359

1   products or to erroneously believe that the Defendants or their products are somehow

2   connected or affiliated with Plaintiff and its products.

3        41.    Defendants' infringement of Plaintiff's trademarks is willful and deliberate

4   and was done with intent to reap the benefit of Plaintiff's goodwill, promotion, advertising

5   and marketing of Plaintiff's products and trademarks.

6        42.    Despite being notified of its violation of Plaintiff's trademarks (Exhibit B),

7   Defendants continue to promote, manufacture, distribute and sell its products by using

8   Plaintiff's trademark and such actions are causing Plaintiff immediate and irreparable injury,

9   which may be difficult if not impossible to quantify.

10       43.    As a result of Defendants' wrongful actions, Plaintiff is entitled to and seeks

11  all remedies available for such violation, as set forth in 15 USC §§ 1116, 1117 and 1125,

12  including without limitation, (a) injunctive relief; (b) an award of damages equal to three

13  times Defendants' profits from sales of the infringing goods or three times the actual damages

14  Plaintiff can prove; (c) transfer of Defendants' infringing domain name and url;  and (d)

15  Plaintiff's reasonable attorney fees and costs incurred in bringing this action to protect its

16  trademark.

17                                  **COUNT III**
18                   **COMMON LAW TRADEMARK DILUTION,**
                       **TRADEMARK INFRINGEMENT AND**
19                          **UNFAIR COMPETITION**

20       44.    Plaintiff incorporates and realleges all prior paragraphs by reference as if fully

21  stated herein.

22       45.    Defendants' continued use of their infringing trademarks to promote the sale

23  of their herbal products will dilute the association of Plaintiff with Plaintiff's herbal products

24  offered now and in the future, and will diminish the distinctiveness, effectiveness and value of

25  Plaintiff's registered and common law trademarks.

26

COMPLAINT - 8

**RS** Ryan, Swanson & Cleveland, PLLC
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3034
206.464.4224 | Fax 206.583.0359

46.    By reason of the above, Defendants are liable for common law dilution of the Plaintiff's trademark.

47.    By reason of the above, Defendants are liable to Plaintiff for common law trademark infringement and unfair competition.

48.    Plaintiff has been damaged and irreparably injured as a result of Defendants' wrongful actions.

## COUNT IV
## BREACH OF THE ANTI-CYBERSQUATTING ACT

49.    Plaintiff incorporates and realleges all prior paragraphs by reference as if fully stated herein.

50.    Plaintiff is the owner of the federally registered trademark Pure Herbs, Ltd.® and has been using its registered trademark and its common law trademark Pure Herbs™ in commerce in connection with its products since 1982.

51.    Plaintiff is the registrant, owner and user of the url and domain name www.pureherbs.com since 1997 and has used its website at that internet address to promote its products, trademarks, corporate identity and goodwill since that time.

52.    On or about December 11, 2004, Defendants registered the url and domain name www.pureherbs.info.  Defendants currently use that domain name as the address for a website that promotes products marketed under the name "Pure Herbs." (Exhibits D, E and F.)

53.    Defendants' url and domain name are confusingly similar to Plaintiff's legitimate and previously registered url and domain name, and to Plaintiff's registered and common law trademarks.

54.    Defendants registered their url and domain name in bad faith, as Defendants had no legitimate right to use the words "Pure Herbs" as a trademark or website address, given the Plaintiff's prior rights and usage.

COMPLAINT - 9

603924.04

RS  Ryan, Swanson & Cleveland, PLLC
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3034
206.464.4224 | Fax 206.583.0359

55.     Plaintiff has been and will continue to be harmed by Defendants' use of the url and domain name www.pureherbs.info.

56.     Defendants have violated 15 USC § 1125(d) by their wrongful acts.

57.     Plaintiff requests the Court order the transfer of the registration, ownership and control of the url and domain name www.pureherbs.info from the Defendants to the Plaintiff.

**COUNT V**
**BREACH OF WASHINGTON'S CONSUMER PROTECTION ACT**

58.     Plaintiff incorporates and realleges all prior paragraphs by reference as if fully stated herein.

59.     Washington's Consumer Protection Act, RCW 19.86.020, prohibits unfair methods of competition and unfair and deceptive acts or practices in the conduct of any trade or commerce.  Infringement of a trademark may give rise to a claim for relief under RCW 19.86 *et seq*.

60.     The public interest is affected by unfair and deceptive practices that have the tendency to deceive the consuming public.

61.     Defendants' use of the trademarks "Pure Herbs" and/or "pureherbs.info" on and in connection with the promotion, marketing and sale of Defendants' herbal products are unfair and deceptive acts in commerce.  Defendants' actions are likely to confuse members of the public as to the source or origin of the products, given Plaintiff's federally registered trademark Pure Herbs, Ltd. ® and Plaintiff's long prior use of its registered and common law trademarks in commerce, in connection with the same or similar herbal products in the same or similar markets and trade channels.

62.     Defendants' unfair and deceptive acts affect the public interest in being free from confusion in the market place and in online internet sales and advertising portals throughout Washington, the United States and North America.

COMPLAINT - 10

RS  Ryan, Swanson & Cleveland, PLLC
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3034
206.464.4224 | Fax 206.583.0359

63.     Plaintiff is suffering and will continue to suffer financial harm, as well as economic and other damage to its reputation and goodwill, if consumers and members of the public and its own distributors and their customers are confused by Defendants' use of the trademarks "Pure Herbs" or "pureherbs.info" on and/or in connection with Defendants' herbal products.

64.     Pursuant to RCW 19.86.090, Plaintiff is entitled to injunctive relief, actual damages, treble damages up to $10,000 and an award of its attorney fees and costs.

**REQUEST FOR INJUNCTIVE RELIEF**

65.     Plaintiff incorporates and realleges all prior paragraphs by reference as if fully stated herein.

66.     Pursuant to 15 USC § 1116 and § 1125, RCW 19.86.090 and Fed. R. Civ. P. 65, this Court may grant Plaintiff injunctive relief to prevent further harm to Plaintiff and to avoid further confusion by members of the general public, consumers, buyers, the industry professionals, and  Plaintiff's own distributors.

67.     Plaintiff requests that this Court enter an Order preventing and prohibiting Defendants and any affiliated corporation, limited liability company, partnership, person and/or entity from using the infringing trademarks "Pure Herbs" or "pureherbs.info"  in any form, on or in connection with any of its herbal products, including on the actual product, the packaging, bottles, containers, invoicing, marketing or promotion materials, press releases, product descriptions, product displays, advertisements, domain names, urls, and/or in the metadata or keywords associated with any online marketing, website promotion or sale of its products.

68.     Plaintiff further requests that this Court enter an Order directing the registrar of the domain name www.pureherbs.info to transfer the registration from Defendants to Plaintiff.

COMPLAINT - 11

603924.04

**RS** Ryan, Swanson & Cleveland, PLLC
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3034
206.464.4224 | Fax 206.583.0359

# PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Pure Herbs, Ltd. prays that this Court grant the following relief:

1.    Preliminarily and permanently enjoin Defendants from using the "Pure Herbs" or "pureherbs.info" trademarks, or any variations thereof, in any way in connection with their operations or business including, without limitation, any internet and/or website promotion or in connection with any marketing, advertising, packaging, bottles, containers, product labels, invoices, checks, letterhead, websites, domain names, urls or any other materials;

2.    Direct Defendants to remove all reference to "Pure Herbs" or "pureherbs.info" from all of their marketing, sales, informational, diagnostic and/or promotional materials, product labels, letterhead or website materials and to discontinue any and all uses that could be identified or confused in any way with Plaintiff or Plaintiff's name, image or trademarks;

3.    Direct Defendants to withdraw and recall from any and all channels of distribution, any packaging, bottles, products, containers, labels, advertising or other materials distributed by them bearing any description or representation of the infringing marks, in violation of 15 USC § 1501 *et seq.*;

4.    Order the impoundment and/or destruction of all of Defendants' products, bottles, containers, labels, marketing and/or promotional materials and the like that infringe any of Plaintiff's trademark rights or are likely to cause confusion with Plaintiff's products;

5.    Order the registrar of the domain name www.pureherbs.info to transfer the ownership and control of said url and domain name to Plaintiff;

6.    Direct Defendants to file with this Court and serve on counsel for Plaintiff within thirty (30) days after entry of any injunction issued by this Court a report in writing and under oath setting forth in detail the manner and form in which Defendants have complied with the injunction, as provided for by 15 USC § 1116;

COMPLAINT - 12

**RS**    Ryan, Swanson & Cleveland, PLLC
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3034
206.464.4224 | Fax 206.583.0359

603924.04

7.    Require Defendants to account for, disgorge and pay over to Plaintiff all revenues and profits derived from the wrongful use of Plaintiff's trademark as provided for by 15 USC § 1117.

8.    Award Plaintiff its damages sustained by reasons of these actions, such damages to be trebled in accordance with 15 USC § 1117;

9.    Award Plaintiff all compensatory, general, and special damages sustained by Plaintiff by way of Defendants' acts of trademark infringement, unfair competition and consumer protection violations, in an amount to be determined at trial, and for treble damages up to $10,000, pursuant to RCW 19.86.090;

10.    Award Plaintiff its attorney fees and costs in this action as provided by 15 USC § 1117 and RCW 19.86.090;

11.    Award Plaintiff prejudgment interest on the foregoing sums; and

12.    Award such other and further relief as the Court deems appropriate under the circumstances.

DATED this 11th day of March, 2010.

RYAN, SWANSON & CLEVELAND, PLLC


By _s/ Robin A. Schachter_____
Robin A. Schachter
WSBA #23970

1201 Third Avenue, Suite 3400
Seattle, Washington  98101-3034
Telephone: (206) 464-4224
Facsimile: (206) 583-0359
schachter@ryanlaw.com

603924.04

RS    Ryan, Swanson & Cleveland, PLLC
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3034
206.464.4224 | Fax 206.583.0359

1

KEMP KLEIN LAW FIRM

2

By   s/ James P. Davey

3
    James P. Davey
    Attorneys for Plaintiff

4
    *Pro Hac Vice* admission pending

5
201 W. Big Beaver Rd., Ste. 600
Troy, Michigan  48084-4161

6
Telephone:  (248) 528-1111; Ext. 671
Facsimile:  (248) 528 5129

7
James.davey@kkue.com

8
*Attorneys for Plaintiff*

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

COMPLAINT - 14

RS    Ryan, Swanson & Cleveland, PLLC
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3034
206.464.4224  |  Fax 206.583.0359